UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrick Randell McIntosh, | Case No. 23-cv-1832 (PJS/DLM) |
| Petitioner, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| Warden Rardin, | |
| Respondent. | |

This case comes before the Court on Petitioner Patrick Randell McIntosh's (1) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1), (2) Exhibit attached to the petition (Doc. 1-2), (3) Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Doc. 5), and (4) Motion Seeking Leave and Counsel (Doc. 14). For the following reasons, the Court denies Petitioner's motion seeking leave and counsel, recommends dismissing the remaining grounds of the petition, and recommends denying the IFP Application as moot.

## BACKGROUND

Mr. McIntosh has been civilly committed since April 2017. (*See* Doc. 9 at 1–3 (discussing Mr. McIntosh's civil-commitment history).[1]) He is presently being held at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). (*See id.* at 2–3.)

---

[1] Of particular note is the Court's earlier discussion of the procedural history behind Mr. McIntosh's commitment:

The Court received the petition on June 16, 2023. (*See* Docket.) In August 2023, the Court entered an Order and Report and Recommendation ("R&R") discussing Mr. McIntosh's civil commitment and analyzing the claims in the petition as well as those in a second petition (the exhibit) attached to the petition itself. (*See* Doc. 9 at 3–4.) The petition, the Court explained, "challenge[d] certain disciplinary measures . . . imposed after an FMC-Rochester disciplinary proceeding." (*Id.* at 3.) The petition's exhibit also raised four claims—some concerned the conditions of Mr. McIntosh's confinement, but others challenged his commitment itself. (Doc. 1-1 at 6–7.)

In the Court's August 2023 Order and R&R, it explained that the petition's claims "raise[] various challenges to an unspecified disciplinary proceeding"—and did not

---

> In 2013, a magistrate judge in [the] United States District Court for the Northern District of Georgia ("NDGA") signed and entered a criminal complaint charging Mr. McIntosh with transporting a firearm while indicted for a crime punishable by imprisonment for more than a year, in violation of 18 U.S.C. § 922(n), and threatening to harm the United States President, in violation of 18 U.S.C. § 871. Ultimately, an NDGA grand jury issued a superseding indictment adding one count each of threatening federal law enforcement officers, in violation of 18 U.S.C. § 115(a)(1)(B), and transmitting a threatening communication to another person, in violation of 18 U.S.C. § 875(c).
>
> After a July 2016 bench trial, Mr. McIntosh was found not guilty by reason of insanity on all four counts. In April 2017, the NDGA Court ordered Mr. McIntosh "committed to the custody of the Attorney General [under] 18 U.S.C. § 4243(e)." Authorities have periodically reviewed that custody, but Mr. McIntosh remains civilly committed.

(Doc. 9 (first brackets added).)

2

"concern the validity of [Mr. McIntosh's] civil commitment or its duration." (Doc. 9 at 6.) As a result, the Court concluded, the petition did not raise any issues cognizable in habeas. (*See id.* at 5–6, 6 n.4.) As for the exhibit, the Court determined that its Ground 3, and part of its Ground 1, also did not challenge Mr. McIntosh's civil commitment, and so similarly failed to state a habeas-cognizable claim; the Court will refer to these arguments from the petition and the exhibit attached to it as the "Conditions-of-Confinement Grounds." On the other hand, another part of the exhibit's Ground 1, as well as its Grounds 2 and 4, *did* appear to challenge Mr. McIntosh's civil commitment; the Court will refer to these arguments as the "Commitment-Challenging Grounds." But these claims also were not cognizable in habeas, for another reason: habeas is unavailable when a petitioner has another remedy for his claims, and 18 U.S.C. § 4247(h) gives Mr. McIntosh just such a remedy. (*See id.* at 6–8.)

At the end of the August 2023 Order and R&R, the Court recommended denying the petition's Conditions-of-Confinement Grounds. (*See id.* at 10–11.) It also gave Mr. McIntosh a chance to submit the Commitment-Challenging Grounds in a standard, nonhabeas civil action. (*See, e.g.*, *id.* at 11.) The Court gave Mr. McIntosh 28 days—until September 12, 2023—to submit an amended complaint, warning that if he did not do so, the Court would assume that Mr. McIntosh meant to press the action as a habeas matter despite the Court's discussion. (*See id.*) Unfortunately, as this Court has explained, the August 2023 Order R&R erred: it gave the Conditions-of-Confinement Grounds the treatment that should have been given to the Commitment-Challenging Grounds, and *vice versa*. What the August 2023 Order and R&R should have done, in other words, was

3

recommend the denial of the Commitment-Challenging Grounds, but give Mr. McIntosh a chance to convert this matter into a standard, nonhabeas civil action pressing the Conditions-of-Confinement Grounds.

In early September 2023, Mr. McIntosh submitted an amended petition. (*See* Doc. 11.) The amended petition presses 11 grounds, and as with the original petition, some are plainly challenges to a specific FMC-Rochester disciplinary action, and some are just as plainly challenges to Mr. McIntosh's civil commitment. (*See id.* at 6–14.)

In October 2023, the Court issued an Order explaining its prior error. (*See* Doc. No. 12 at 3.) Given that error, and noting the amended petition's problems, the October 2023 Order and R&R did several things. First, it vacated the August 2023 Order and R&R's recommendation component—in other words, it reversed the recommendation that Mr. McIntosh's Conditions-of-Confinement Grounds be dismissed. (*See, e.g.*, *id.* at 5.) Those challenges thus returned to this action. Second, the October 2023 Order and R&R entered a new recommendation—that Mr. McIntosh's Commitment-Challenging Grounds be dismissed. (*See id.*) And finally, it explained that for various reasons, the amended petition could not serve as a "vehicle for this action." (*Id.* at 3.) That is, if Mr. McIntosh wanted his remaining challenges to go forward in a standard, nonhabeas civil action, he would need to submit an amended complaint. To that end, the Court ordered the Clerk of Court to send Mr. McIntosh a copy of this District's template general complaint. (*See id.* at 5.) And the Court gave Mr. McIntosh 28 days—i.e., until November 1, 2023—to submit an amended complaint, warning that if he did not do so, "the Court will assume that [Mr. McIntosh] means to bring his remaining conditions-of-confinement claims in a habeas action." (*Id.*)

4

That deadline has long passed, and Mr. McIntosh has not submitted an amended complaint. Instead, he has submitted a motion seeking leave and counsel. (Doc. 14.) The motion asks the Court to consolidate this action with a later-filed action: *McIntosh v. Rardin*, No. 23-cv-2009 (JWB/TNL). (*See id.* at 1.) It also asks the Court to appoint Mr. McIntosh counsel. (*See id.* at 3.)

## ANALYSIS

**I.   The Court denies Mr. McIntosh's motion seeking to consolidate this action and for the appointment of counsel.**

As a threshold point, the Court will address Mr. McIntosh's motion for leave and counsel. With respect to Mr. McIntosh's request for consolidation, the Court denies that request. Under Federal Rule of Civil Procedure 42(a), when "actions before the court involve a common question of law or fact, the court may . . . (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court addressing a consolidation request considers various factors, including "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (quoting *Cantrell v. GAF*, 999 F.2d 1007, 1011 (6th Cir. 1993) (second brackets in *Chill*));

*see also, e.g.*, *Select Comfort Corp. v. Baxter*, Nos. 12-cv-2899 and 22-cv-1550 (DWF/TNL), 2022 WL 17555484, at *3 (D. Minn. Dec. 9, 2022) (quoting *Chill*).

The case that Mr. McIntosh seeks to consolidate with this one has been dismissed, and his parallel consolidation request in that case has been denied. *See* Order Accepting R&R of Magistrate Judge (Doc. 10 at 1–2), *McIntosh v. Rardin*, No. 23-cv-2009 (JWB/TNL) (D. Minn. Dec. 12, 2023). And even if those problems were put aside, that action focuses only on a specific FMC-Rochester disciplinary action—one different from the one Mr. McIntosh discusses in this action. (*Compare* Am. Pet. for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 6 at 2), *McIntosh v. Rardin*, No. 23-cv-2009 (JWB/TNL) (D. Minn. Dec. 12, 2023) (referring to disciplinary action numbered 3729785) *with* Doc. 1 at 2 (referring to action numbered 3671319) and Doc. 11 at 2 (same).) There is simply no reason to consolidate this action with No. 23-cv-2009.

That leaves Mr. McIntosh's request for counsel. The Court denies this as well. There is no constitutional or statutory right to appointed counsel in civil litigation. *See, e.g.*, *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)); *Nelson v. Ellison*, No. 23-cv-2122 (JRT/LIB), 2023 WL 7741273, at *2 (D. Minn. Oct. 27, 2023) (citing cases), *R. & R. adopted*, 2023 WL 7697051 (D. Minn. Nov. 15, 2023). Appointing counsel in civil matters is a decision committed to trial-court discretion. *See, e.g.*, *In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) (citing *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984)); *Nelson*, 2023 WL 7741273, at *2 (collecting cases). A court applies that discretion by considering factors such as "(1) the factual complexity of the issues; (2) the ability of the indigent

6

person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (quoting *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Randle v. Ramsey Cnty.*, No. 23-cv-1491 (JWB/DJF), 2024 WL 22104, at *1 (D. Minn. Jan. 2, 2024) (quoting *Crozier*).

The Court understands that Mr. McIntosh strongly desires counsel, but at present, the Court does not conclude that litigating this action would be factually or legally complex, or that Mr. McIntosh is unable to investigate the relevant facts or present his positions to the Court. Furthermore, at this early point in the action, the possibility of conflicting testimony is not much of an issue. Considering the *Crozier* factors, the Court concludes that appointing Mr. McIntosh counsel is not warranted at this time.

**II.     Next Steps**

This leaves the question of what to do with the remainder of this action. As noted above, the October 2023 Order and R&R ordered Mr. McIntosh to submit an amended complaint within 28 days, failing which the Court would "assume that, notwithstanding the warnings above, Mr. McIntosh insists on proceeding with this action's remaining conditions-of-confinement claims in a habeas matter." (Doc. 12 at 4.) To be clear, the "remaining conditions-of-confinement claims" at issue here are Grounds 1–4 of the petition, Ground 3 of the exhibit, and the part of Ground 1 of the attached exhibit that challenged the conditions of Mr. McIntosh's confinement at FMC-Rochester. (*See id.* at 1–2.)

7

Because Mr. McIntosh has failed to submit an amended complaint, the Court will do as it forecasted. Specifically, as previously discussed, one must raise conditions-of-confinement claims in a standard, nonhabeas civil action, not in a habeas matter. *See, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014); *Fiorito v. Fikes*, No. 22-cv-0749 (PJS/TNL), 2022 WL 16699472, at *3 (D. Minn. Nov. 3, 2022), *aff'd*, No. 23-1006, 2023 WL 4841966 (8th Cir. July 28, 2023). The Court therefore recommends dismissing these claims without prejudice.

The October 2023 Order contained a recommendation addressing Mr. McIntosh's Commitment-Challenging Grounds. (*See* Doc. 12 at 5.) That recommendation, combined with the recommendation here, eliminates all the claims raised in this case. Given that outcome, the Court further recommends dismissing this action and denying the IFP Application as moot.

## ORDER

Based on the above, and on all of the files, records, and proceedings in this action,

**IT IS ORDERED** that Petitioner Patrick Randell McIntosh's Motion Seeking Leave and Counsel (Doc. 14) is **DENIED**.

## RECOMMENDATION

Based on the above, and on all of the files, records, and proceedings in this action,

**IT IS RECOMMENDED** that:

1. Mr. McIntosh's Petition (Doc. 1) be **DENIED** as to Grounds 1–4;

2. The Exhibit to Mr. McIntosh's Petition (Doc. 1-1) be **DENIED** as to Ground 3 and that part of Ground 1 challenging the conditions of Mr. McIntosh's confinement at FMC-Rochester;

8

3. This action be **DISMISSED**; and

4. Mr. McIntosh's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 5) be **DENIED** as moot.


Dated: January 19, 2024                    *s/Douglas L. Micko*
                                           DOUGLAS L. MICKO
                                           United States Magistrate Judge


# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).